**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| MONTGOMERY CARL AKERS,<br><br>      Plaintiff,<br><br>      v.<br><br>KIM I. FLANNIGAN, ET AL.,<br><br>      Defendants | Case No. 21-2042-HLT |

## MEMORANDUM AND ORDER

This matter, a civil action filed by a federal prisoner, is before the court on the motion of the United States to dismiss all claims against four of the named defendants, a federal prosecutor and three members of this court.

**Nature of the Complaint**

Plaintiff entered a guilty plea to one count of wire fraud in 2005. *United States v. Akers*, 281 F. App'x 844 (10th Cir. 2008). He remains in custody for that conviction. He filed this action in the District Court of Wyandotte County, Kansas, on October 29, 2020, and the United States removed the action to this court upon receiving service.

The complaint names a total of fifteen defendants. Plaintiff broadly alleges a conspiracy began in 2000 between defendant Kim Flannigan, the Assistant United States Attorney who later prosecuted him, and Judge Kathryn Vratil of this court, who presided over the criminal proceedings against him. He claims these two defendants conspired to steal financial instruments from him and to falsely charge and convict him. Plaintiff next alleges that in 2005, Judge Sam Crow of this court was "enlisted into the conspiracy." (Doc. 1, Ex. A., p. 4.) He claims that in 2006, defendant Eric Melgren, then the United States Attorney for the District of Kansas and now

a judge of this court, conspired with defendant Flannigan to issue a press release that incorrectly portrayed him as convicted of crimes he did not commit.

The complaint also alleges that in 2010, defendant Katherine Siereveld, joined the conspiracy, that in 2015 defendant Kathy Hill joined it, and that the remaining defendants, J. Conover, Apryl Cruit, William True, J.S. Walton, Wendy Roal, Henry Rivas, Milton Neumann, Steven Cardona, and Dan Sproul, have joined the conspiracy "up to the present day." Plaintiff provides no identifying information about these defendants and does not plead any specific acts by them.

He seeks $75,000,000.00 in damages.

## Discussion

### Removal

The court first addresses plaintiff's claim that this action was improperly removed from the District Court of Wyandotte County. Plaintiff's primary argument appears to be that the United States did not file a certification under 28 U.S.C. § 2679(d). However, as explained by counsel for the United States, such certification is not required in a removal under 28 U.S.C. § 1442(a).

Under § 1442(a)(1), a civil action brought in state court may be removed to federal court if it is brought against "any officer…of the United States…sued in an official or individual capacity for any act under color of such office." This section is broadly construed in favor of removal. *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981). To qualify for removal under this provision, a federal defendant must both present a "colorable federal defense" and demonstrate that the suit is "for an act under color of office." *Jefferson County of Ala. v. Acker*, 527 U.S. 234, 431 (1999).

Certification under 28 U.S.C. § 2679(d) under the Westfall Act provides federal employees with immunity from common-law tort claims arising from acts they undertake in their official

2

duties. When a federal employee is sued for negligent acts, the Westfall Act authorizes the Attorney General to certify that the employee acted in the scope of his employment at the time of the incident that gave rise to the claim. Upon that certification, the employee is dismissed, the United States is substituted, and the matter is governed by the Federal Tort Claims Act (FTCA).

Plaintiff, however, does not allege negligence or tortious conduct by the defendants and does not invoke the FTCA. Under these circumstances, the certification process is not necessary. The removal from state court was proper.

### The *Heck v. Humphrey* doctrine

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that, where a state prisoner seeks damages in an action under 42 U.S.C. § 1983, the district court must dismiss the action if it finds that a judgment in favor of the plaintiff would necessarily imply the invalidity of the plaintiff's conviction or sentence. As explained by the Tenth Circuit:

> In *Heck v. Humphrey*, the Supreme Court held that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote omitted).

*Reed v. McCune*, 298 F.3d 946, 953-54 (10th Cir. 2002).

The doctrine established in *Heck v. Humphrey* "avoids allowing collateral attacks on criminal judgments through civil litigation." *McDonough v. Smith*, ⸺ U.S. ⸺, 139 S. Ct. 2149, 2157 (2019). The Supreme Court has explained that "a state prisoner's § 1983 action is barred (absent prior invalidation) no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit ... if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The *Heck*

doctrine extends to *Bivens* claims brought by persons subject to federal criminal judgments. *See Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996).

Here, because plaintiff's conviction has not been overturned, his claim for damages alleging a conspiracy to convict him is barred by the *Heck* doctrine. As defendants note, plaintiff previously raised similar claims of a conspiracy among the presiding judge, federal prosecutors, a federal public defender, and an FBI agent in his then-pending federal wire fraud case. The district court rejected the claims, in part, on the *Heck* doctrine, and the decision was affirmed on appeal. *Akers v. Martin*, 227 F. App'x 721, 722-23 (10th Cir. 2007)(stating "we agree with the district court that to the extent Akers seeks monetary damages, success on the merits of this case would necessarily imply the invalidity of his criminal conviction" and citing *Heck* as a bar).

### Statute of limitations

Because plaintiff argues that the alleged crimes of theft and conspiracy occurred in 2000 and are not part of his 2005 criminal conviction, the court also addresses the defense that these claims are barred by the limitation period.

The limitation period applicable to § 1983 and *Bivens* actions is determined by reference to the appropriate state statute of limitations and tolling principles. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989); *Logan v. United States*, 272 F. Supp. 2d 1182, 1185 (D. Kan. 2003). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. In Kansas, that is the two-year statute of limitations in K.S.A. § 60-513(a)." *Brown v. Unified School Dist. 501, Topeka Public Schools*, 465 F.3d 1184, 1188 (10th Cir. 2006)(citations omitted); *see Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991). The same two-year statute of limitations governs actions under *Bivens*. *See Logan,* 272 F. Supp. 2d at 1185.

Accordingly, to the extent plaintiff asserts claims of conspiracy and theft that occurred in 2000 and that are not barred by *Heck v. Humphrey*, the court finds the claims are barred by the controlling two-year limitation period.

### Immunities

Among the defendants named in the complaint are two judges and two prosecutors. "Typically, judges, prosecutors, and witnesses enjoy absolute immunity." *Stein v. Disciplinary Bd. of Supreme Court of New Mexico*, 520 F.3d 1183, 1190 (10th Cir. 2008). "[A]bsolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." *Imbler v. Pachtman,* 424 U.S. 409, 419 n. 13 (1976). "The Supreme Court of the United States has long held that judges are generally immune from suits for money damages." *Stein*, 520 F.3d at 1195 (citing *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991)). Prosecutors are absolutely immune from civil liability for damages for "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Id.* at 1193 (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). Therefore, plaintiff's claims concerning acts taken by prosecutors in the initiation and pursuit of the criminal charges against him and claims concerning the actions of the judges taken in the exercise of their duties are barred by their immunities.

### The remaining defendants

Plaintiff's claims against the remaining defendants are set out in the amended complaint filed in state court and state as follows:

> Beginning in 2010 Defendant Katherine N. Siereveld was enlisted into the conspiracy by defendant-Flannigan. Begin[n]ing in 2015 Defendant-Kathy S. Hill was enlisted into the conspiracy by defendant-Siereveld at the direction of defendant-Flannigan. Defendants-Conover, Cruit, True, Walton, Roal, Rivas, Neumann, Cardona, Sproul, and does 1-20 have joined the conspiracy and actions have continued to the present day. The ongoing violations of the defendants, and

5

> each of them, have denied the Plaintiff-Akers access to the courts in Kansas. Specifically, the United States District Court, District of Kansas. The acts and actions of the defendants, and each of them, have caused a civil case to be dismissed as a result of their action in illegally denying Plaintiff-Akers to his legitimately held financial property to pay filing fees in case no. 20-CV-3225-HLT-GEB, MONTGOMERY CARL AKERS V. KIM I. FLANNIGAN[1].

Doc. 12, p. 34.

The service materials plaintiff provided to the state district court show that defendant Siereveld is employed at FCI-Terre Haute, Indiana; defendant Hill is employed at USP-Marion, Illinois; and defendant True is the Warden at USP-Florence, Colorado. Nothing in the record shows these defendants, or any of the remaining defendants, received service, and there is no responsive pleading from any of them. Likewise, there is no information in the complaint concerning how they participated in the conspiracy plaintiff alleges, how any such claims are timely, or how plaintiff was harmed. His claim of a denial of access to the courts does not identify any action in the District of Kansas, and it is evident that the dismissal occurred only because plaintiff, who is subject to 28 U.S.C. § 1915(g), failed to submit the filing fee as directed. Reading these claims with the liberal construction to which a pro se party is entitled, the court finds these claims should be dismissed for failure to state a claim for relief.

**Motion for sanctions**

Plaintiff moves for sanctions against Assistant United States Attorney Christopher Allman under Fed. R. Civ. P. 11. The court has considered the motion and concludes it must be denied. First, as noted in the response to the motion, plaintiff has failed to comply with the safe harbor provision of Fed. R. Civ. P. 11(c)(2), which requires a party seeking sanctions under Rule 11 to serve the motion on the party against whom sanctions are sought 21 days prior to filing the

---

[1] Court records show that this action was dismissed without prejudice on November 17, 2020, due to plaintiff's failure to submit the full filing fee as directed.

6

motion with the court. Fed. R. Civ. P. 11(c)(2); *Roth v. Green*, 466 F. 3d 1179, 1192-93 (10th Cir. 2006) (stating that substantial compliance with Rule 11's "safe harbor" provision was not sufficient)). The plaintiff's failure to comply with this provision is sufficient to warrant denial by the court.

Second , plaintiff uses the motion to revisit his claims, such as the argument that this matter was not properly removed from state court, and to present bare invective directed at Mr. Allman. The court finds no arguable ground for sanctions exists, concludes the motion is malicious, and denies it.

## Conclusion

For the reasons set forth, the court grants the motion of defendants Crow, Flannigan, Melgren, and Vratil to dismiss this matter for lack of jurisdiction and for failure to state a claim for relief. Plaintiff's claims against the remaining defendants are dismissed for failure to state a claim for relief. Plaintiff's motion to dismiss and remand this matter to state district court is denied. Plaintiff's motion for sanctions is denied.

THE COURT THEREFORE ORDERS that the motion of defendants Crow, Flannigan, Melgren, and Vratil to dismiss (Doc. 6) is granted.

THE COURT FURTHER ORDERS that the plaintiff's claims against the remaining defendants are dismissed for failure to state a claim for relief.

THE COURT FURTHER ORDERS that the plaintiff's motion to dismiss and remand (Doc. 15) is denied.

THE COURT FURTHER ORDERS that the plaintiff's motion for sanctions (Doc. 21) is denied.

IT IS SO ORDERED.

Dated: May 25, 2021    */s/ Holly L. Teeter*
                       HOLLY L. TEETER
                       UNITED STATES DISTRICT JUDGE

8