IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MONTGOMERY CARL AKERS,

    Plaintiff,

v.

KIM I. FLANNIGAN, ET AL.,

    Defendants

Case No. 21-2042-HLT

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion (Doc. 29) filed under Rule 60(b)(4) of the Federal Rules of Civil Procedure. Plaintiff seeks relief from the judgment in this case, claiming that judgment is void. Plaintiff continues to argue that the removal of the action to federal court was improper and claims that this court lacked subject matter jurisdiction.

A motion filed under Rule 60(b) provides extraordinary relief which "may only be granted in exceptional circumstances." *Amoco Oil Co. v. United States Environmental Protection Agency,* 231 F.3d 694, 697 (10th Cir. 2000). The decision to grant such relief "is extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000) (quotation marks omitted).

Rule 60(b)(4) allows a court to relieve a party from a final judgment if the judgment is void. Fed. R. Civ. P. 60(b)(4). "A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." *Alford v. Cline*, 2017 WL 2473311, at *2 (10th Cir. June 8, 2017) (unpublished) (quoting *United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002)). Relief under Rule 60(b) is not available to rehash arguments already considered or to raise new arguments that could have been raised earlier. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

Petitioner's motion for relief presses two arguments, first, that the state court action was not properly removed because it did not present claims against the defendants in their official capacities, and second, that the removal was improper because the United States did not file a certification under 28 U.S.C. § 2679(d). Neither argument is meritorious. First, plaintiff's assertions against the defendants obviously arise from their actions in their roles as federal employees. His claims include allegations of the presentation of false information to a federal grand jury, a conspiracy to have the case assigned to the court of defendant Judge Vratil, and a conspiracy to issue a press release concerning plaintiff (Doc. 1, Attach. 1, pp. 4-5). The removal of claims against federal employees in their official or individual capacities is proper under 28 U.S.C. § 1442(a).[1]

Second, as addressed in the court's Memorandum and Order dismissing this action, certification under 28 U.S.C. § 2679(d) is not required in all removals. Where, as here, the removal is effected under 28 U.S.C. § 1442(a)(1), such certification is unnecessary. *See Geiger v. Schweinler*, No. 92-2438-JWL, 1993 WL 62124, at *2, FN 2 (D. Kan. Feb. 12, 1993) ("Removal under § 1442(a)(1) does not require a § 2679(d) certification.") (*citing Brown v. Armstrong*, 949 F.2d 1007, 1010 (8th Cir. 1991)).

**Conclusion**

---

[1]

Section 1442(a)(1) provides:

(a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency therefore or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

Because petitioner has shown no ground for relief under Fed. R. Civ. P. 60(b)(4), his motion is denied.

THE COURT THEREFORE ORDERS that petitioner's motion for relief from judgment (Doc. 29) is denied.

IT IS SO ORDERED.

Dated: June 28, 2021 /s/ *Holly L. Teeter*
HOLLY L. TEETER
UNITED STATES DISTRICT JUDGE